UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| N.P., A MINOR CHILD, BY AND THROUGH HER PARENTS AND NEXT FRIENDS, A.P. and J.P.<br>    Plaintiffs<br><br>v.<br><br>HAMPDEN-WILBRAHAM REGIONAL SCHOOL DISTRICT<br>    Defendant | C.A.. No. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by the Plaintiff, N.P., by and through her parents and next friends, A.P. and J.P.[1], seeking an award of reasonable attorney's fees and costs from the Defendant, Hampden-Wilbraham Regional School District, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.,* following a decision of the Bureau of Special Education Appeals ("BSEA") in which the Plaintiff was the prevailing party.

### JURISDICTION

2. This court has jurisdiction of this matter pursuant to 20 U.S.C.. § 1415(i)(3)(A) and venue under 28 U.S.C. § 1331.

### PARTIES

3. The Plaintiff, N.P., is a 9 year old girl who resides with her parents, A.P. and J.P. in Wilbraham, Massachusetts. (A.P. and J.P. are hereinafter referred to collectively as the

---

[1] The full names of the minor plaintiff and her parents have been redacted pursuant to Local Rule 5.3.

"Parents"). N.P. was enrolled as a student in the Hampden Wilbraham Regional School District from September through December 2014.

4. The Defendant, Hampden-Wilbraham Regional School District (hereinafter referred to as the "District"), is a regional school district duly organized, established and existing under the laws of the Commonwealth of Massachusetts and is a public corporation with the capacity to be sued. It receives federal funds from the United States Department of Education pursuant to the IDEA, 20 U.S.C. § 1400 *et seq.*, and is required to provide a free and appropriate public education ("FAPE") to all school age children with disabilities residing in the District pursuant to the requirements of the IDEA and the Massachusetts Special Education law, G.L. c. 71B.

## FACTS

5. N.P. is a child with a disability within the meaning of the IDEA and is therefore entitled to a free and appropriate public education under the statute. N.P.'s diagnoses include Attention Deficit Hyperactivity Disorder and a Language Based Learning Disability, disabilities which have combined with significant memory and processing deficits to negatively impact her ability to read and to make meaningful academic progress.

6. During N.P.'s attendance within the District, the Parents disagreed with the District concerning N.P.'s special education services and placement. Specifically, among other things, the Parents asked the District to provide N.P. with a substantially separate language-based program, which the District refused to provide.

7. Based upon their concern that the District was failing to provide N.P. with a free and appropriate public education, the Parents retained Sankey Law Offices, P.C. to represent their interests in obtaining appropriate services and an appropriate placement for N.P.

8. After multiple meetings between the parties did not resolve differences between them concerning N.P.'s special education program and placement, on or about March 27, 2015 the Parents, through their counsel, requested an impartial due process hearing before the BSEA pursuant to 20 U.S.C. §1415.

9. The provisions of the IDEA, 20 U.S.C. § 1415(f)(1)(A), impose an obligation on states to conduct impartial due process hearings to hear complaints with respect to any matter relating to the identification, evaluation or educational placement of a child, or the provision of a free appropriate public education to a child. In Massachusetts, these hearings are conducted by the BSEA in accordance with rules that have been promulgated pursuant to Massachusetts law. Mass.Gen.Laws ch. 71B, § 3; 603 Mass.Code.Regs. 28.08(5)(a).

10. In their hearing request, the Parents requested "an order of placement at Curtis Blake Day School for the 2014-15 school year beginning in January 2015, with reimbursement of tuition and costs paid through the date of the order" and, for the 2015-16 school year, the Parents requested "an order of placement in [an] appropriate language-based program."

11. Curtis Blake School is a private school which, during the 2014-15 school year, was approved by the Massachusetts Department of Education ("DOE") to provide special education services in Massachusetts. Following the 2014-15 school year, Curtis Blake School lost its affiliation with American International College and its status as a DOE-approved school so the Parents sought placement for N.P. for the 2015-16 school year in an appropriate language-based program to be determined.

12. A hearing on the Plaintiff's claims was held on June 23, 25, 29 and 30, 2015 before BSEA Hearing Officer Amy Reichbach.

13. The District did not limit its liability to pay attorney's fees by making a written offer of settlement at any time more than 10 days prior to the hearing pursuant to 20 U.S.C. § 1415(i)(3)(D)(i).

14. On August 19, 2015, Hearing Officer Reichbach issued a decision which granted Plaintiff all of the relief that the Parents had sought, specifically finding that the District's failure to provide a substantially separate language-based program "was not objectively reasonable" and that the [Individualized Educational Programs] proposed for [N.P.] from May 20, 2014 to the present, as amended, were not appropriate because they were not reasonably calculated to confer a meaningful educational benefit based on her needs." See Exhibit 1, "Decision," dated August 19, 2015, p. 30.

15. Hearing Officer Reichbach ordered the District to reimburse N.P.'s parents for tuition and costs associated with her enrollment at Curtis Blake School from January through June 2015, and ordered the District to locate or create a substantially separate language-based program for N.P. for the 2015-16 school year. See Exhibit 1, "Decision," dated August 19, 2015, p. 31.

16. The District has refused to reimburse the Plaintiff for attorney's fees and costs incurred for legal representation during the proceeding.

## CAUSE OF ACTION

17. The BSEA decision materially changed the legal relationship between the parties and provided N.P. with actual relief on significant and material claims, deriving benefits which the District had previously denied and which N.P. would not have obtained but for her litigation of the issues before the BSEA.

18.    Based upon the foregoing, the Plaintiff is a prevailing party in an action brought under the IDEA, 20 U.S.C. § 1415(i)(3)(B), and is entitled to an award of reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff prays for the following relief:

a) that this Court determine that the Plaintiff is the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B);

b) that this Court award reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B); and

c) that this Court award such other relief as it deems appropriate.

Respectfully submitted,
The Plaintiff,
By her Attorneys,

Jeffrey M. Sankey, BBO #551062
Sankey Law Offices, P.C.
25 Braintree Hill Park, Suite 200
Braintree, MA 02184
(781) 930-3127
jsankey@sankeylaw.com